FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2019

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILLIP DENNIS REDMOND, II,<br><br>    Plaintiff,<br><br>  v.<br><br>GRACE BIRRENKOTT, C.D.P., in her individual and official capacity; VAN JOHNSON, Sargent, in his individual and official capacity; and DONNA BYRNES, C53, in her individual and official capacity,<br><br>    Defendants. | NO: 2:18-CV-124-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, is a Motion for Summary Judgment on Qualified Immunity, ECF No. 33, by Defendants Grace Birrenkott, Van Johnson, and Donna Byrnes. Having reviewed the briefing and supporting documents submitted by Defendants, Plaintiff Phillip Dennis Redmond's response and supporting declaration, and the relevant law, the Court grants Defendants' motion and enters judgment in their favor.

///

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~1

## BACKGROUND

Viewing the facts in the light most favorable to Mr. Redmond, the relevant timeline of events is as follows. In fall 2017, Mr. Redmond was enrolled in chemical dependency programming as an inmate at the Airway Heights Corrections Center in Airway Heights, Washington ("Airway Heights"). ECF Nos. 35 at 2; 40 at 1.

On approximately September 13, 2017, Plaintiff applied for a work proscription from the Airway Heights chaplain. ECF No. 12 at 5. As Plaintiff asserts in his complaint, "The Chaplain approved the 'work proscription on 9/15/2017 and [subsequently] sent out e-mails to Education and Chemical Dependency informing them of my 'work proscription' days." *Id.* It is undisputed that prison staff excused Mr. Redmond from participating in programming to observe the Jewish holiday of Sukkot on October 5 and 6, 2017. *See* ECF No. 34 at 1.

On September 28, 2017, chemical dependency program staff assigned Mr. Redmond to complete a "Learning Experience" exercise and to turn in his work by October 5, 2017. *See* ECF No. 35 at 2. On October 6, 2017, Mr. Redmond attended the Chemical Dependency "group." ECF No. 39 at 1. Chemical Dependency Program counselor, "Ms. Orazko"[1] asked Mr. Redmond if he was ready to present

---

[1] There is no first name for this individual in the record. The Court notes that Defendants' Reply refers to this staff members as "Ms. Orozco." ECF No. 41 at 2.

his "Learning Experience" that she had assigned to him earlier in the week.  ECF No. 38 at 1–2.  According to Mr. Redmond, he informed Ms. Orazko that he did not bring his work with him "due to the day being a movie day and work proscription holiday."  ECF No. 38 at 2.[2]

Ms. Orazko allowed Mr. Redmond to return to watch the remainder of the movie with the group.  Mr. Redmond recalls, "I finished the movie and popcorn with the rest of the group and returned to the unit without further incident."  ECF No. 38 at 2.

On approximately October 9, 2017, Chemical Dependency Counselor Grace Birrenkott issued Mr. Redmond a "105 infraction" for "failing to perform a work, training, education, or other programming assignment as directed."  ECF No. 35 at 2.  Ms. Birrenkott's general infraction report notified Mr. Redmond that a hearing on the alleged infraction would occur on October 13, 2017.  ECF No. 35-1 at 2.  Although Mr. Redmond signed the general infraction report on October 10, 2017, he did not attend the hearing.  *Id.*

Correctional Sergeant Van Johnson conducted the infraction hearing that Mr. Redmond did not attend and, finding that Mr. Redmond had committed the 105

---

[2] Defendants had characterized Mr. Redmond's response as indicating that he had not done the assignment.  ECF No. 34 at 2.  The Court agrees with Defendants that any dispute regarding this issue is immaterial.  *See* ECF No. 41 at 2.  However, the Court accepts Plaintiff's representation regarding his response for purposes of this motion.

infraction, sanctioned Mr. Redmond to five days of cell confinement. ECF No. 35 at 2. Plaintiff appealed Sergeant Johnson's decision to Airway Heights Hearings Officer Donna Byrnes. ECF No. 38 at 2. Ms. Byrnes contacted the chaplain who had approved Mr. Redmond's work proscription to ask whether he supported a reversal. ECF No. 35-1 at 6. Ms. Byrne's written decision affirming the sanction recounts that the chaplain "indicated that there would be no excuse for [Plaintiff] not to have completed [Plaintiff's] program assignments as they were assigned on 09/28/17 which left [Plaintiff] plenty of time to get them done." ECF No. 35-1 at 6.

Plaintiff subsequently filed this lawsuit stating claims for damages under Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), and 42 U.S.C. § 1983 against Defendants in their individual and official capacities. *See* ECF No. 12. Plaintiff seeks $1,000 in compensatory damages against each of the three Defendants, jointly and severally, punitive damages of $2,500 against each defendant, "enhanced damages" of $10,000, Plaintiff's costs incurred in pursuing this lawsuit, and "[a]ny additional relief this Court deems just." ECF No. 12 at 8.

## DISCUSSION

Defendants seek judgment in their favor on the basis that Mr. Redmond's claims fail as a matter of law and need not proceed to a factfinder. Defendants maintain that they are entitled to qualified immunity from suit. Plaintiff responds

that disputed issues of material fact preclude summary judgment. ECF Nos. 38, 39, and 40.

### *Summary Judgment Standard*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If the moving party meets this challenge, the burden shifts to the nonmoving party to "set out specific facts showing a genuine issue for trial." *Id.* at 324 (internal quotations omitted). "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). In deciding a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pacific Electric Contractors Ass'n*, 809 F.2d 626, 631–32 (9th Cir. 1987).

### *Religious Land Use and Incarcerated Persons Act*

RLUIPA, 42 U.S.C. § 2000cc *et seq.*, provides that

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>
> (A)    is in furtherance of a compelling governmental interest; and
> (B)    is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).  A plaintiff seeking relief under RLUIPA must show that his religious exercise has been burdened and that the burden is substantial.  *Id.*  RLUIPA must be "construed broadly in favor of protecting an inmate's right to exercise his religious beliefs."  *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005).  The Ninth Circuit has explained that for a burden on religious exercise to be "substantial," it "must be 'oppressive' to a 'significantly great' extent" and must impose a "significantly great restriction or onus" upon the inmate's religious exercise.  *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (internal quotation omitted).  If the plaintiff succeeds in making a prima facie showing of a substantial burden on religious exercise, the burden shifts to the government to demonstrate that the challenged practice both furthers a compelling government interest and is the least restrictive means of furthering that interest.  42 U.S.C. § 2000cc-2(b); *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008).

The United States Supreme Court has determined that RLUIPA does not authorize actions for money damages, only for injunctive relief, against state officials sued in their official capacities. *Sossamon v. Texas*, 563 U.S. 277, 280 (2011). Nor does RLUIPA authorize lawsuits against government employees in their individual capacities. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014).

Therefore, given that Plaintiff does not seek any injunctive relief under RLUIPA, Plaintiff's claims against Defendants under that statute cannot proceed as a matter of law.

### *Section 1983 and Qualified Immunity*

Parties can seek relief under 42 U.S.C. § 1983 against any "person" who, "under color of state law, deprives another of rights protected by the U.S. Constitution." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992).

State officials sued for damages in their official capacities are not "persons" for purposes of 42 U.S.C. § 1983. *Doe v. Lawrence Livermore Nat'l Lab*, 131 F.3d 836, 839 (9th Cir. 1997). Rather, suits against officials sued in their official capacities are the same as suits against the state itself, and the Eleventh Amendment to the U.S. Constitution bars such suits. *Id.* Therefore, Defendants are entitled to summary judgment in their favor for Mr. Redmond's claim for damages against them in their official capacities.

The Eleventh Amendment does not bar claims under section 1983 against officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

However, "government officials performing discretionary functions" are entitled to qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Courts evaluate claims of qualified immunity by considering (1) whether "the facts alleged show the official's conduct violated a constitutional right" and (2) whether "the right was clearly established" when the conduct occurred. *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) (internal quotation omitted). A right is clearly established if "a reasonable public official would know that his or her *specific conduct* violated clearly established rights[.]" *Cunningham v. Gates*, 229 F.3d 1271, 1287 (9th Cir. 2000) (emphasis added).

Plaintiff alleges a violation of his right to free exercise of his religion under the First Amendment. Prison officials may violate the Free Exercise Clause of the First Amendment by substantially burdening an inmate's practice of his religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, if the official's actions are not "'. . . reasonably related to legitimate penological interests.'" *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

There is no disputed fact that is material to whether the prison official Defendants in this matter prevented Plaintiff from engaging in conduct that he sincerely believes is consistent with his faith. The undisputed facts show that Mr. Redmond chose to attend a group session of the Chemical Dependency Program that he had been excused from attending. At that session, he was asked to turn in an

assignment of which he had been aware since September 28, 2017, seven days

before his work prohibition for Sukkot began on October 5, 2017. Defendants did

not require Plaintiff to attend any programming during his proscription, and Plaintiff

had ample time before his work proscription took effect to complete the assignment.

Plaintiff has not presented any disputed facts that go to the issue of whether the

sanction that Plaintiff received burdened his exercise of his religion. Consequently,

the Court does not find any basis to conclude that the individual Defendants'

conduct violated a clearly established constitutional right.

Although Plaintiff's complaint focuses on the alleged First Amendment

violation, Plaintiff also briefly refers to violation of his procedural due process rights

and entitlement to equal protection under the Fourteenth Amendment. *See* ECF No.

12 at 7. However, Plaintiff does not make any factual allegations regarding how

Defendants treated him differently based on his membership in a protected class, and

there is no factual support in the record for a cognizable equal protection claim. *See*

*Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir.

2013) (requiring an equal protection claim to be established through a showing that

defendant intentionally discriminated against plaintiff based on his membership in a

protected class). Likewise, Plaintiff makes no allegations for the Court to evaluate

with respect to what process he was deprived of by Defendants' conduct. Therefore,

the Court finds that there are no material disputes of fact to preserve any claim by

Plaintiff that Defendants violated a clearly established right related to equal protection or due process.

Accordingly, Defendants are entitled to immunity from this lawsuit, and judgment shall be entered in their favor on Plaintiff's section 1983 claims, in addition to his RLUIPA claim.

**IT IS HEREBY ORDERED:**

1.　　Defendants' Motion for Summary Judgment on Qualified Immunity, **ECF No. 33**, is **GRANTED**.

2.　　Judgment shall be entered for Defendants on all of Plaintiff's claims in his First Amended Complaint, ECF No. 12.

3.　　All upcoming hearings and deadlines in this matter are **stricken**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to Plaintiff and to counsel, and **close the file**.

**DATED** August 20, 2019.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge